UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

**SUSAN TIMKO**,
*Individually and on behalf
of all others similarly situated*,

Plaintiffs,

v.

**GENPACT LLC**,
*a Delaware Limited Liability Company,*

Defendant.

CIVIL ACTION NO. _____

FLSA Opt-in Collective Action

**JURY DEMANDED**

## ORIGINAL COLLECTIVE ACTION COMPLAINT

Plaintiff Susan Timko, through her undersigned counsel, on behalf of herself and all others similarly situated, files this nationwide collective action Complaint against Defendant Genpact LLC. ("Genpact"), for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*,. Plaintiff alleges that she and other similarly situated workers were improperly classified as independent contractors and did not receive overtime pay for hours worked in excess of forty (40) in a workweek, and did not receive pay for out-of-town travel time during normal business hours. The following allegations are based on personal knowledge and information and belief.

### SUMMARY OF CLAIMS

1. Defendant violated the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201, *et seq*. ("FLSA") by failing to pay Plaintiff and the putative collective members (as defined below) to work in excess of forty (40) hours per week without properly compensating them for overtime premium rates for non-travel hours worked, and for failing to pay anything for out-of-town travel time during regular business hours.

## JURISDICTION, SUPPLEMENTAL JURISDICTION AND VENUE

2. Jurisdiction over Plaintiff's FLSA claim is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3. This Court has federal question jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331 because his claims arise under the FLSA.

4. This Court has personal, "general," jurisdiction over all claims against Defendant because Defendant conducts business in this judicial District. Additionally, venue is proper in the Middle District of Tennessee pursuant to 28 U.S.C. § 1391(b), because some of the events giving rise to Plaintiff's claims occurred within this District.

## PARTIES

5. Plaintiff Timko is an Ohio resident who worked for Defendant in 2018, providing training to new users on how to use commercial software. The new users of the software were employees of Genpact's clients.

6. Plaintiff Timko worked for Genpact in several states, including Tennessee, Georgia and Washington. At all relevant times, Plaintiff Timko has been an employee who was employed within the meaning of 29 U.S.C. § 203(e) and (g). Plaintiff Timko's Consent to Join is attached as *Exhibit A*.

7. Defendant was Plaintiff's "employer" as defined by the FLSA, 29 U.S.C. §203(d).

8. Defendant's main function is to recruit and hire individuals like Plaintiff who primarily train hospital employees (new users) how to use certain commercial software. Defendant carries out and coordinates its main function from its principal place of business located at 1155 Avenue of the Americas, Floor 4, New York, New York 10036-2711.

9. Defendant provides staffing services to customers throughout the United States.

10. According to the Tennessee Secretary of State, Defendant may be served through its registered agent for service of process: Cogency Global, Inc., 992 Davidson Drive, Nashville, Tennessee 37205-1051.

## COLLECTIVE DEFINITION

11. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of herself and the following workers:

    All similarly situated individuals who were not paid all applicable overtime premium pay or out-of-town travel pay during normal business hours while performing work for Genpact in the United States, for the maximum limitations period as may be allowed by law.

12. The category of workers described in the foregoing paragraphs will be colloquially referred to as "Class" in this collective action Complaint.

13. Plaintiff is a member of the Class she seeks to represent because she was employed by Defendant, she routinely worked more than forty (40) hours per week in the States of Tennessee, Georgia and Washington within the applicable limitations periods, she was not paid an overtime premium rate for the non-travel time she worked over forty (40) hours per week and she was not paid for hours worked while engaged in out-of-town travel during normal business hours in those workweeks in which she worked more than forty (40) hours.

14. Plaintiff reserves the right to refine and amend the definition of the Class prior to notice or conditional class certification.

## FACTS

15. Plaintiff worked for Defendant in the States of Tennessee, Georgia and Washington during the applicable statute of limitations periods under the FLSA.

16. Plaintiff estimates that the putative Class, including both current and former employees over the relevant periods, will include over one hundred (100) similarly situated workers.

17. Plaintiff and other similarly situated workers were compensated by Defendant on an hourly basis.

18. Plaintiff and other similarly situated workers were not paid on a salary basis.

19. Plaintiff and other similarly situated workers regularly worked over forty (40) hours during the regular workweek. Plaintiff and other similarly situated workers routinely worked approximately sixty (60) hours per week.

20. Defendant is an information technology firm that provides training and support to employees of hospitals and other medical facilities as those employees begin to learn how to use new commercial software.

21. Defendant referred to Plaintiff and similarly situated individuals as "Independent Consultants."

22. Plaintiff and similarly situated individuals were assigned and issued a Genpact laptop computer for the purposes of performing work on behalf of Defendant.

23. Plaintiff and other similarly situated workers are employees as a matter of economic reality. The Department of Labor's Wage and Hour Division ("WHD") Administrator's Interpretation No. 2015-1 states that "most workers are employees under the FLSA's broad definitions." Plaintiff and other similarly situated workers qualify as employees under the FLSA.

24. The foregoing work performed by Plaintiff and other similarly situated workers is an integral part of Defendant's business. Plaintiff and other similarly situated workers

provide support and training to Defendant's clients in connection with the conversion and implementation of new software programs associated with the Release of Information (ROI) obligations and procedures under federal and state law.

25. Defendant controls the Plaintiff and other similarly situated workers whenever they are performing services on behalf of the Defendant.

26. The duties of the Plaintiff and other similarly situated workers do not involve managerial work. They follow the training provided to them by Defendant in performing their work, which is basic training and support.

27. Plaintiff and other similarly situated workers do not make any significant relative investments in relation to their work with Defendant. Defendant provides the training and equipment required to perform the functions of their work.

28. Plaintiff and other similarly situated workers have little or no opportunity to experience a profit or loss related to their employment. Defendant pays Plaintiff and other similarly situated workers a fixed hourly rate. Plaintiff and other similarly situated workers do not share in Defendant's monetary success; their income from their work is limited to their hourly rate.

29. The work of the Plaintiff and other similarly situated workers does not require special skills, judgment or initiative. Defendant provides training, which they use in turn to provide introductory software training and support to Defendant's clients.

30. Plaintiff and other similarly situated workers are economically dependent on Defendant. They are entirely dependent upon Defendant for their business, as they are not permitted to perform services for any other company during their time working for Defendant.

31. Plaintiff and other similarly situated workers are not and cannot be customarily engaged

in an independently established trade, occupation, profession or business when working for Defendant, due to the excessive hours worked.

32. Plaintiff and other similarly situated workers often enter into successive projects for Defendant.

33. Plaintiff and other similarly situated workers have little or no authority to refuse or negotiate Defendant's rules and policies; they must comply or risk discipline or termination.

34. Defendant instructs Plaintiff and other similarly situated workers concerning how to do their work and Defendant dictates the details of the performance of their jobs.

35. Plaintiff and other similarly situated workers generally have to travel out-of-town to the medical facilities of Defendant's clients when working for Defendant.

36. The aforementioned out-of-town travel by Plaintiff and other similarly situated workers was for the benefit of Defendant.

37. Plaintiff was not compensated for such out-of-town travel time, even when it took place during normal business hours.

38. Defendant is compensated by its clients for the time spent by its workers, like Plaintiff, to train new users how to use software and to otherwise assist in the medical facilities' implementation of the ROI software.

39. Plaintiff and other similarly situated workers were paid only a straight hourly rate of pay for non-travel hours worked, including hours worked over forty (40) each week.

40. Plaintiff and other similarly situated workers were not paid for out-of-town travel time during normal business hours, including hours worked over forty (40) each week.

41. Plaintiff and other similarly situated workers did not meet any test for exemption under

applicable law.

42. Defendant had no good faith basis to believe that Plaintiff and other similarly situated workers were exempt from the overtime requirements of the FLSA or applicable state law.

43. Defendant had no good faith basis to believe that Plaintiff and other similarly situated workers should not have been paid for out-of-town travel during normal business hours.

44. Defendant either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiff and other similarly situated workers overtime compensation. Defendant either knew or acted with reckless disregard of applicable laws, regulations and administrative guidelines in failing to pay Plaintiff and other similarly situated workers for time spent on out-of-town travel during normal business hours.

45. Defendant had actual knowledge that Plaintiff and other similarly situated workers worked overtime hours. Defendant had actual knowledge that Plaintiff and other similarly situated workers were not paid for out-of-town travel during normal business hours.

46. Defendant financially benefitted by failing to pay Plaintiff and other similarly situated workers an overtime premium and by failing to pay for time spent for applicable out-of-town travel during normal business hours.

47. Defendant's conduct as alleged herein was willful and has damaged Plaintiff and other similarly situated workers. Defendant knew, and was aware at all times, of the alleged FLSA and various state law violations.

## COLLECTIVE ALLEGATIONS

48. Defendant engaged in a common scheme to avoid paying an overtime premium and for out-of-town travel during normal business hours to Plaintiff and other similarly situated workers in workweeks during which they worked in excess of forty (40) hours per week.

49. Plaintiff and other similarly situated workers should be allowed to proceed collectively because they were all paid an hourly rate; they worked in excess of forty (40) hours per week in the United States and applicable state jurisdictions; Defendant did not pay Plaintiff and other similarly situated workers an overtime premium and/or for out-of-town travel during normal business hours.

50. The members of the Class are readily ascertainable from Defendant's records.

51. The members of the respective Classes, separately, are so numerous that joinder of all members is impracticable.

52. Plaintiff's claims and the relief she seeks are typical of those claims of the similarly situated workers, and the relief they would seek. On information and belief, the defenses to be asserted by the Defendant against the Plaintiff will be typical of the defenses to be asserted by the Defendant against the similarly situated workers.

53. Plaintiff is able to fairly and adequately protect the interests of the putative Class. She has no interests to workers in the defined Class.

54. Plaintiff's attorneys are experienced and competent in collective action litigation in employment and wage and hour litigation. The law firms listed below have previously represented many plaintiffs, classes and collectives in wage and hour cases.

55. Collective action treatment is superior to individual litigation. It will permit a large

number of similarly situated persons to prosecute their common claims and oppose common defenses in a single forum without the unnecessary duplication of efforts and expense associate with individual lawsuits.

56. Common questions of law and fact exist as to the Class. These issues predominate.

57. The common questions of fact include but are not limited to:

- Whether Defendant is liable under the FLSA for overtime and/or travel time pay;
- Whether Defendant management's conduct relating to the wage and hour issues presented herein properly subjects Defendant to liquidated damages, punitive damages or extended limitations periods;
- Whether any of Defendant's anticipated defenses apply to the Class's FLSA claims.

58. These issues can be resolved by common, class-wide proof.

## COUNT I
## FAILURE TO PAY OVERTIME WAGES
## AND FOR TRAVEL TIME UNDER THE FLSA

59. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

60. Defendant operates an "enterprise" as defined by Section 3(r)(1) of the FLSA, 29 U.S.C. § 203(r)(1).

61. Defendant is engaged in commerce within the meaning of Section 3(s)(1)(A), 29 U.S.C. § 203(s)(1)(A).

62. Plaintiff and other similarly situated workers are similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 216(b).

63. FLSA Section 207(a)(1) states that an employee must be paid an overtime rate, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of forty (40) hours per workweek.

64. Defendant violated the FLSA by allowing Plaintiff and other similarly situated workers to work overtime hours per workweek without paying them full overtime wages for these hours.

65. Plaintiff and other similarly situated workers routinely worked in excess of forty (40) hours per week, but were not paid overtime premiums of one and one half times their regular hourly rates for non-travel hours.

66. Defendant violated the FLSA by allowing Plaintiff and other similarly situated workers to travel out-of-town during normal business hours without compensation.

67. Plaintiff and similarly situated workers were not paid for out-of-town travel during the normal business hours.

68. The foregoing actions of Defendant violated the FLSA.

69. Defendant's actions were willful and not in good faith.

70. Plaintiff and other similarly situated workers have been harmed as a direct and proximate result of Defendant's unlawful conduct.

71. Defendant is liable to Plaintiff and other similarly situated workers for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs, disbursements, expenses and prejudgment interest as may be allowed by law, and such other and further relief as the Court deems appropriate and just.

# PRAYER FOR RELIEF

WHEREFORE Plaintiff seeks the following relief on behalf of herself and the Class:

a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential FLSA Class Members;

c. Back pay damages for unpaid overtime compensation and travel time and prejudgment interest to the fullest extent permitted under the law;

e. Liquidated damages and punitive damages to the fullest extent permitted under the law;

f. Litigation costs, disbursements, expenses, and attorneys' fees to the fullest extent permitted under the law; and

g. Such other and further relief as this Court deems just and proper.


Dated: July 1, 2019.                    Respectfully submitted,

*s/J. Russ Bryant*
Gordon E. Jackson (TN BPR #08323)
J. Russ Bryant (TN BPR #33830)
Robert E. Turner, IV (TN BPR #35364)
Nathaniel A. Bishop (TN BPR #35944)
**JACKSON, SHIELDS, YEISER & HOLT**
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
*gjackson@jsyc.com*
*rbryant@jsyc.com*
*rturner@jsyc.com*
*nbishop@jsyc.com*

*Attorneys for Named Plaintiff and
similarly situated individuals*